# EXHIBIT

# B

PHILLIP A. TALBERT
United States Attorney
JOSEPH D. BARTON
ARELIS M. CLEMENTE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
Nov 16, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JIA BEI ZHU,
aka Jesse Zhu, Qiang He, and David He,

Defendant.

CASE NO. 1:23-cr-00219-ADA-BAM

21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices (two counts); 18 U.S.C. § 1001(a)(2) – False Statements (one count)

## I N D I C T M E N T

COUNTS ONE THROUGH TWO: [21 U.S.C. §§ 331(a), 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices]

The Grand Jury charges:

JIA BEI ZHU,

aka Jesse Zhu, Qiang He, and David He,

defendant herein, as follows:

///

///

///

Case 1:23-cr-00 ?-N( J-BAM Document 14 File 1/1( Page 2 of 5

## I. INTRODUCTION

1. At all relevant times, defendant ZHU resided in Fresno County, State and Eastern District of California.

2. At all relevant times, defendant ZHU operated and managed Universal Meditech Incorporated ("UMI") and Prestige Biotech Incorporated ("PBI"), which had their principal places of business in Fresno County, State and Eastern District of California. UMI and PBI were subject to regulation by the Food and Drug Administration ("FDA") because the companies distributed medical devices, including in vitro diagnostic device ("IVD") test kits, in the United States.

3. At various times, defendant ZHU used the aliases Jesse Zhu, Qiang He, and David He to conceal his identity from federal, state, and local government officials, among others.

4. COMPANY ONE was a medical laboratory located in Louisiana.

5. COMPANY TWO was a medical device distributor located in Texas.

## II. BACKGROUND ON THE FDA, MEDICAL DEVICES, AND IVD TEST KITS

6. The FDA is the federal agency responsible for protecting the health and safety of the American public by enforcing the federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA"). The FDA's responsibilities include regulating the distribution of medical devices in interstate commerce to ensure that the devices are safe and effective for human use.

7. IVD test kits are medical devices under the FDCA because they are intended for use in the diagnosis of diseases or conditions in humans. IVD test kits are meant to collect, prepare, and examine specimens taken from the human body.

8. Medical devices are classified into one of three categories: Class I, II, or III. Class III medical devices are the most highly regulated devices.

9. Generally speaking, for Class III medical devices, anyone who proposes to introduce, or deliver for introduction, such devices into interstate commerce for distribution is required to obtain pre-market approval, pre-market clearance, emergency use authorization, or other applicable exemption for the devices from the FDA.

10. At all relevant times, COVID-19 IVD test kits were Class III medical devices. Therefore, obtaining pre-market approval, pre-market clearance, emergency use authorization, or other applicable

Case 1:23-cr-00 3-N6 -BAM Document 14 File 1/16 Page 3 of 5

exemption from the FDA was required before anyone could distribute such test kits in the United States.

11. At all relevant times, any COVID-19 IVD test kits distributed in the United States without obtaining pre-market approval, pre-market clearance, emergency use authorization, or other applicable exemption from the FDA constituted adulterated and misbranded medical devices under the FDCA.

## III. DISTRIBUTION OF ADULTERATED AND MISBRANDED MEDICAL DEVICES

12. Beginning no later than in or around January 2020, and continuing through until at least in or around March 2023, defendant ZHU caused UMI and PBI to enter into contracts with COMPANY ONE, COMPANY TWO, and other companies located throughout the United States pursuant to which UMI and PBI sold at least hundreds of thousands of COVID-19 IVD test kits to the companies. In exchange, the companies paid UMI and PBI millions of dollars.

13. For example, in or around December 2020, UMI entered into a contract with COMPANY ONE to sell to COMPANY ONE, and in fact sold to COMPANY ONE, approximately 50,000 COVID-19 IVD test kits for approximately $200,000.

14. As another example, in or around January 2022, UMI entered into a contract with COMPANY TWO to sell to COMPANY TWO, and in fact sold to COMPANY TWO, approximately 10,000 COVID-19 IVD test kits for approximately $36,000.

15. At all relevant times, neither UMI nor PBI obtained pre-market approval, pre-market clearance, emergency use authorization, or other applicable exemption from the FDA as was required to distribute COVID-19 IVD test kits in the United States. And, at all relevant times, defendant ZHU knew that UMI and PBI had not met these requirements.

16. Accordingly, on or about the dates set forth below, in Fresno County, State and Eastern District of California, and elsewhere, defendant ZHU, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce, and caused to be introduced and delivered for introduction into interstate commerce, COVID-19 IVD test kits that were adulterated and misbranded medical devices under the FDCA. This included, but is not limited to, the following transactions:

///

///

Case 1:23-cr-00 ...-BAM Document 14 File 1/16 Page 4 of 5

| Count | Date | Shipped From | Shipped To | Medical Devices |
|---|---|---|---|---|
| One | 12/28/20 | UMI facility in Fresno, California | COMPANY ONE in Louisiana | Approximately 50,000 COVID-19 test kits with Invoice No. -1502 for $200,000 |
| Two | 1/24/22 | UMI facility in Fresno, California | COMPANY TWO in Texas | Approximately 10,000 COVID-19 test kits with Lot No. UL-AG-2112-02-Q for $36,000 |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

<u>COUNT THREE</u>: [18 U.S.C. § 1001(a)(2) – False Statements]

The Grand Jury further charges:

JIA BEI ZHU,

aka Jesse Zhu, Qiang He, and David He,

defendant herein, as follows:

17. The allegations made in paragraphs 1 through 16 are incorporated by reference as though fully set forth herein.

18. Between on or about May 2, 2023 and May 3, 2023, in Fresno County, State and Eastern District of California, defendant ZHU did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, to wit: defendant ZHU made materially false, fictitious, and fraudulent statements and representations to FDA officials who were investigating UMI and PBI, including that:

a. He was not defendant ZHU or Jesse Zhu, and that he was instead Qiang He aka David He;

b. He was hired by UMI as a COVID-19 consultant in 2021;

c. He was hired by PBI, just a couple of weeks prior to speaking with the FDA officials,

///

///

to coordinate the company's interactions with government agencies;

d. He did not know the manufacturing and distribution histories for UMI or PBI; and

e. He did not have access to UMI or PBI's distribution records, financial records, or ownership records.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

PHILLIP A. TALBERT
United States Attorney

KIRK E. SHERRIFF

KIRK E. SHERRIFF
Assistant United States Attorney
Chief, Fresno Office

*No.* 1:23-cr-00219-ADA-BAM

FILED
Nov 16, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

Jia Bei Zhu
aka Jesse Zhu, Qiang He, David He

## INDICTMENT

**VIOLATION(S):** 21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices (two counts); 18 U.S.C. § 1001(a)(2) – False Statements (one count)

*A true bill,*

/s/
*Foreman.*

*Filed in open court this* ______________ *day*

*of* ______________, *A.D. 20* _____

______________________________
*Clerk.*

*Bail, $* __AS PREVIOUSLY SET__

______________________________

GPO 863 525

____YES: SAB conflict in USAO (Before 01/01/13) ___Yes: SKO conflict in USAO (Before 4/12/10) PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -- IN U.S. DISTRICT COURT

BY ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING: Case No.

Name of District Court, and/or Judge/Magistrate Judge Location (City)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**
SEE INDICTMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

Place of offense: Fresno County

U.S.C. Citation: See Indictment

**DEFENDANT -- U.S. vs.**
JIA BEI ZHU aka Jesse Zhu. Qiang He, David He

Address

Birth Date

☒ Male ☐ Alien
☐ Female (if applicable)

(Optional unless a juvenile)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FDA- SA Maridehl Mather

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 ☐ 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant

SHOW DOCKET NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAGISTRATE JUDGE CASE NO. 1:23-mj-00123-SKO

Name and Office of Person Furnishing Information on THIS FORM: KERRY RIN

☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): JOSEPH D. BARTON

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome of this proceeding
If not detained, give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes," show name of institution

Has detainer been filed? ☐ Yes ☒ No — If "Yes," give date filed

**DATE OF ARREST** (Mo. Day Year): 10/19/2023

Or . . . if Arresting Agency & Warrant were not Federal

**DATE TRANSFERRED TO U.S. CUSTODY** (Mo. Day Year):

☐ This report amends AO 257 previously submitted

ADDITIONAL INFORMATION OR COMMENTS

X ADD FORFEITURE UNIT (Check if Forfeiture Allegation)

**Preliminary Hearing set for 11-16-2023**

**United States v. Jia Bei Zhu**
**Penalties for Indictment**

**COUNTS ONE THROUGH TWO:**

VIOLATION: 21 U.S.C. §§ 331(a), 333(a)(2) – Adulterated and misbranded devices

PENALTIES: Up to three years imprisonment
$250,000 fine
One year of supervised release
$100 special assessment

**COUNT THREE:**

VIOLATION: 18 U.S.C. § 1001(a)(2) – False statements

PENALTIES: Up to five years imprisonment
$250,000 fine
Three years of supervised release
$100 special assessment