# EXHIBIT

# L

PHILLIP A. TALBERT
United States Attorney
JOSEPH D. BARTON
ARELIS M. CLEMENTE
HENRY Z. CARBAJAL III
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
Aug 15, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIA BEI ZHU,<br>aka Jesse Zhu, Qiang He, and David He, and<br>ZHAOYAN WANG,<br><br>Defendants. | CASE NO. 1:23-cr-00219-NODJ-BAM<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices; 18 U.S.C. § 1001(a)(2) – False Statements; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

# FIRST SUPERSEDING INDICTMENT

COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

The Grand Jury charges:

JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He, and

ZHAOYAN WANG,

defendants herein, as follows:

## I. INTRODUCTION

1. At all relevant times, defendants ZHU and WANG owned and controlled Ai De Diagnostic Co. LTD ("Ai De"), which had its principal place of business in China, and Universal

Meditech Incorporated ("UMI") and Prestige Biotech Incorporated ("PBI"), which had their principal places of business in Fresno County, State and Eastern District of California.

2. At all relevant times, Ai De, UMI, and PBI were alter egos of one another.

## II. RELEVANT BACKGROUND ON THE FDA

3. The Food and Drug Administration ("FDA") is the federal agency that is responsible for protecting the health and safety of the American public by enforcing the federal Food, Drug, and Cosmetic Act ("FDCA"). Its responsibilities include regulating the distribution of medical devices in interstate commerce to ensure that the devices are safe and effective for human use.

4. COVID-19 in vitro diagnostic test kits ("COVID-19 test kits") collect, prepare, and examine samples taken from the human body to detect diseases or other conditions in humans. Therefore, COVID-19 test kits are medical devices under the FDCA.

5. Medical devices are classified into one of three categories: Class I, II, or III. Class III medical devices are the most highly regulated.

6. Generally speaking, for Class III medical devices, anyone who proposes to introduce, or deliver for introduction, such devices into interstate commerce for distribution is required to obtain pre-market approval, pre-market clearance, emergency use authorization, or other approval from the FDA.

7. At all relevant times, COVID-19 test kits were Class III medical devices. Therefore, obtaining pre-market approval, pre-market clearance, emergency use authorization, or other approval from the FDA was required before distributing such test kits in the United States.

8. At all relevant times, any COVID-19 test kits distributed in the United States without obtaining pre-market approval, pre-market clearance, emergency use authorization, or other applicable approval from the FDA were adulterated and misbranded medical devices under the FDCA.

9. At all relevant times, any COVID-19 test kits whose packaging did not bear labels containing the names and places of business of the actual manufacturers, packers, and distributors were also misbranded medical devices under the FDCA.

## III. CONSPIRACY

10. Beginning on a date unknown to the Grand Jury, but not later than in or around August 2020, and continuing at least until in or around March 2023, in Fresno and Tulare Counties, State and

Eastern District of California, and elsewhere, defendants ZHU and WANG, and others known and unknown to the Grand Jury, did knowingly conspire, combine, and confederate with each other to cause writings, signs, signals, pictures, and sounds to be transmitted by means of wire and radio communications in interstate commerce, in furtherance of a material scheme and artifice to defraud buyers of UMI and PBI's COVID-19 test kits, and to obtain money and property from the buyers, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343.

## IV. MANNER AND MEANS

11. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, carried out their scheme and artifice to defraud by using the following manner and means, among others:

12. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused UMI and PBI to import COVID-19 test kits from Ai De that were manufactured in China. On forms used for evaluation or inspection by United States Customs and Border Protection, they caused the COVID-19 test kits to be falsely declared as pregnancy test kits. This was because Ai De was not authorized by any federal agency to import COVID-19 test kits into the United States, but it was authorized to import pregnancy test kits. Therefore, ZHU and WANG illegally imported COVID-19 test kits from China by falsely representing and declaring that the test kits were authorized pregnancy test kits.

13. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits, including but not limited to the following:

14. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits, to wit: that the test kits were manufactured in the United States. They knew, however, that the test kits were manufactured in China.

15. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits, to wit: that the test kits were manufactured by, or in connection with, laboratories certified by the United

States Centers for Disease Control and Prevention ("CDC"). They knew, however, that the test kits were not manufactured by, or in connection with, CDC-certified laboratories.

16. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits, to wit: that UMI and PBI could manufacture up to 100,000 test kits per week in the United States. They knew, however, that UMI did not have the capacity to make test kits at that rate and would have to import additional test kits manufactured in China.

17. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits, to wit: that UMI and PBI had obtained the required approvals from the FDA to distribute the test kits in the United States. They knew, however, that UMI and PBI had not obtained any such approvals.

18. Defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused these false and fraudulent representations to be made to the buyers of UMI and PBI's COVID-19 test kits through various methods. Those methods included text messages, WeChat messages, WhatsApp messages, emails, calls, in-person meetings, UMI and PBI's websites, and contract documents.

19. When certain buyers of UMI and PBI's COVID-19 test kits requested to inspect UMI and PBI's facilities in the United States pursuant to the terms of their contracts, defendants ZHU and WANG, and others known and unknown to the Grand Jury, denied them access and fabricated reasons for the denial. The fabricated reasons included that UMI and PBI's facilities were undergoing construction and renovation, and that the companies had proprietary and confidential information and technology inside their facilities that they could not allow anyone else to see. In reality, however, they did not want the buyers to know that UMI and PBI were obtaining the COVID-19 test kits from China.

20. The false and fraudulent representations that defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused to be made to the buyers of UMI and PBI's COVID-19 test kits were important to the buyers. The buyers would not have made the purchases had they known that the test kits were not manufactured in the United States and were instead manufactured in China because this created quality and customs concerns for them. They also would not have made the purchases had they known that the test kits were not manufactured by, or in connection with, CDC-

certified laboratories. Nor would they have made the purchases had they known that UMI and PBI could not manufacture the test kits at the promised rates. Finally, they would not have made the purchases had they known that the test kits were not approved by the FDA.

21. As a result of the false and fraudulent representations that defendants ZHU and WANG, and others known and unknown to the Grand Jury, caused to be made to the buyers of UMI and PBI's COVID-19 test kits, UMI and PBI sold hundreds of thousands of the test kits and received over $1,700,000 in payments. Many payments were made by interstate wire transfers sent from outside California and deposited into UMI's bank accounts opened in Tulare County, State and Eastern District of California.

22. At all relevant times, defendants ZHU and WANG, and others known and unknown to the Grand Jury, acted with the intent to defraud.

All in violation of 18 U.S.C. § 1349.

COUNTS TWO THROUGH NINE: [18 U.S.C. § 1343 –Wire Fraud]

The Grand Jury further charges:

JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He,

and ZHAOYAN WANG,

defendants herein, as follows:

23. Paragraphs 1 through 9 and 11 through 22 are incorporated by reference as though fully set forth herein.

24. Beginning on a date unknown to the Grand Jury, but not later than in or around August 2020, and continuing at least until in or around March 2023, in Fresno and Tulare Counties, State and Eastern District of California, and elsewhere, defendants ZHU and WANG, knowingly devised, intended to devise, participated in, and executed a material scheme and artifice to defraud the buyers of UMI and PBI's COVID-19 test kits, and to obtain money and property from the buyers, by means of materially false and fraudulent pretenses, representations, and promises.

25. On or about the dates set forth below, in Fresno and Tulare Counties, State and Eastern District of California, and elsewhere, defendants ZHU and WANG, and others known and unknown to the Grand Jury, for the purpose of executing their scheme and artifice to defraud, caused to be

transmitted, by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds as follows:

| Count | Date | Description |
|---|---|---|
| TWO | 08/11/2020 | Wire transmission of monies in the amount of $12,000, originating from COMPANY ONE's bank account opened outside California, and sent to UMI's bank account ending – 9664 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through the Federal Reserve Bank's Wire Transfer Network ("Fedwire") |
| THREE | 12/15/2020 | Wire transmission of monies in the amount of $100,000, originating from COMPANY TWO's bank account opened outside California, and sent to UMI's bank account ending – 9664 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |
| FOUR | 12/24/2020 | Wire transmission of monies in the amount of $275,000, originating from COMPANY TWO's bank account opened outside California, and sent to UMI's bank account ending in – 9664 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |
| FIVE | 01/13/2022 | Wire transmission of monies in the amount of $49,000, originating from COMPANY FOUR's bank account opened outside of California, and sent to UMI's bank account ending in – 9345 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |
| SIX | 01/14/2022 | Wire transmission of monies in the amount of $24,500, originating from COMPANY FOUR's bank account opened outside of California, and sent to UMI's bank account ending in – 9345 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |
| SEVEN | 01/14/2022 | Wire transmission of monies in the amount of $24,500, originating from COMPANY FOUR's bank account opened outside of California, and sent to UMI's bank account ending in – 9345 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |
| EIGHT | 01/19/2022 | Wire transmission of monies in the amount of $43,000, originating from COMPANY FOUR's bank account opened outside of California, and sent to UMI's bank account ending in – 9345 opened in Tulare County, State and Eastern District of California, that was processed on computers located outside of California through Fedwire |

| | | |
|---|---|---|
| NINE | 01/26/2022 | Wire transmission of monies in the amount of $36,000, originating from COMPANY THREE's bank account opened outside of California, and sent to UMI's bank account ending in – 9345 opened at the same bank in Tulare County, State and Eastern District of California, that was processed internally by the bank. |

All in violation of 18 U.S.C. § 1343.

COUNTS TEN AND ELEVEN: [21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices]

The Grand Jury further charges:

JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He, and

ZHAOYAN WANG,

defendants herein, as follows:

27. Paragraphs 1 through 9, 14, 15, and 17 are incorporated by reference as though fully set forth herein.

28. On or about the dates set forth below, in Fresno and Tulare Counties, State and Eastern District of California, and elsewhere, defendants ZHU and WANG, with the intent to defraud and mislead, caused to be introduced and delivered for introduction into interstate commerce, medical devices that were adulterated and misbranded as follows:

| **Count** | **Date** | **From** | **Sent To** | **Medical Devices** |
|---|---|---|---|---|
| TEN | 01/15/22 | UMI in Fresno | COMPANY FIVE in Southern California and then to COMPANY FOUR in Texas | Approximately 10,000 COVID-19 test kits |
| ELEVEN | 01/26/22 | UMI in Fresno | COMPANY THREE in Texas | Approximately 10,000 COVID-19 test kits |

All in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

COUNT TWELVE: [18 U.S.C. § 1001(a)(2) – False Statements]

The Grand Jury further charges:

JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He,

defendant herein, as follows:

29. On or about May 2, 2023, and May 3, 2023, in Fresno County, State and Eastern District of California, defendant ZHU did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, to wit: defendant ZHU made materially false, fictitious, and fraudulent statements and representations to FDA officials, including that:

a. He was not defendant ZHU aka Jesse Zhu and was instead Qiang He aka David He;

b. He was hired by UMI as a COVID-19 consultant in 2021;

c. He was hired by PBI just a couple of weeks prior to speaking with the FDA officials to coordinate the company's interactions with government agencies;

d. He did not know the manufacturing and distribution histories for UMI or PBI; and

e. He did not have access to UMI or PBI's distribution records, financial records, or ownership records.

All in violation of 18 U.S.C. § 1001(a)(2).

FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

30. Upon conviction of one or more of the offenses alleged in Counts One through Nine of this First Superseding Indictment, defendants ZHU and WANG shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including, but not limited to, a sum of money equal to the amount of money that constitutes or is derived from proceeds traceable to the offenses for which the defendants are convicted.

31. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Nine of this First Superseding Indictment for which the defendants are convicted:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the United States intends, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property subject to forfeiture

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

PHILLIP A. TALBERT
United States Attorney

HENRY Z. CARBAJAL for

KIMBERLY A. SANCHEZ,
Assistant United States Attorney
Chief, Fresno Office

*No. 1:23-CR-00219-NODJ-BAM*

FILED
Aug 15, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

JIA BEI ZHU,
aka Jesse Zhu, Qiang He, and David He, and
ZHAOYAN WANG,

## FIRST SUPERSEDING INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of Adulterated and Misbranded Medical Devices; 18 U.S.C. § 1001(a)(2) – False Statements; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/s/
_________________________
*Foreman.*

*Filed in open court this* ______________ *day*

*of* ______________, *A.D. 20* _____

_________________________
*Clerk.*

*Bail, $* __AS PREVIOUSLY SET FOR DEFENDANT ZHU; PLEASE ISSUE NO-BAIL WARRANT FOR DEFENDANT WANG__

_________________________

GPO 863 525

AO 257
(CAED rev. 4/2024)

**Matter in USAO prior to Feb. 7, 2024 (KES conflict)** ☑ **YES** ☐ **NO**

PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -- IN U.S. DISTRICT COURT

BY ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☑ SUPERSEDING: CASE No. 1:23-cr-00219-NODJ-BAM

**OFFENSE CHARGED**

☐ Petty
☐ Minor
☐ Misdemeanor
■ Felony

Place of offense: FRESNO AND TULARE COUNTY

U.S.C. Citation: PLEASE SEE CHARGING DOCUMENT

Name of District Court, and/or Judge/Magistrate Judge Location (City)
Eastern District of California, Fresno

**DEFENDANT -- U.S. vs.**

JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He

Address

Birth Date
(Optional unless a juvenile)

☐ Male ☐ Female
☐ Alien (if applicable)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI- SA Cori Orr

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 ☐ 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAGISTRATE JUDGE CASE NO.

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome of this proceeding
If not detained, give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ■ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes," show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes," give date filed
Mo. Day Year

**DATE OF ARREST**

Or . . . if Arresting Agency & Warrant were not Federal
Mo. Day Year

**DATE TRANSFERRED TO U.S. CUSTODY**

Name and Office of Person Furnishing Information on THIS FORM: KERRY RIN

■ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): ARELIS CLEMENTE

☐ This report amends AO 257 previously submitted

☑ **FORFEITURE ALLEGATION**

ADDITIONAL INFORMATION OR COMMENTS

STATUS CONFERENCE ON 9/11/2024

**United States v. Jia Bei Zhu**
**Penalties for First Superseding Indictment**

**COUNT ONE:**

VIOLATION: 18 U.S.C. § 1349 – Conspiracy to commit wire fraud

MAX PENALTY: 20 years in prison
$250,000 fine
3 years of supervised release
$100 special assessment

**COUNTS TWO THROUGH NINE:**

VIOLATION: 18 U.S.C. § 1343 – Wire fraud

MAX PENALTY: 20 years in prison
$250,000 fine
3 years of supervised release
$100 special assessment

**COUNTS TEN AND ELEVEN:**

VIOLATION: 21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of adulterated and misbranded medical devices

MAX PENALTY: 3 years in prison
$250,000 fine
1 year of supervised release
$100 special assessment

**COUNT TWELVE:**

VIOLATION: 18 U.S.C. § 1001(a)(2) – False statements

MAX PENALTY: 5 years in prison
$250,000 fine
3 years of supervised release
$100 special assessment

**FORFEITURE ALLEGATION**

As stated in the charging document.

AO 257 (CAED rev. 4/2024) **Matter in USAO prior to Feb. 7, 2024 (KES conflict)** ☑ **YES** ☐ **NO** PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -- IN U.S. DISTRICT COURT

BY ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☑ SUPERSEDING: CASE No. 1:23-cr-00219-NODJ-BAM

**OFFENSE CHARGED**

☐ Petty
☐ Minor
☐ Misdemeanor
■ Felony

Place of offense: FRESNO AND TULARE COUNTY

U.S.C. Citation: PLEASE SEE CHARGING DOCUMENT

Name of District Court, and/or Judge/Magistrate Judge Location (City): Eastern District of California, Fresno

**DEFENDANT -- U.S. vs.**

ZHAOYAN WANG

Address

Birth Date ☐ Male ☐ Alien
☐ Female (if applicable)

(Optional unless a juvenile)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI- SA Cori Orr

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 ☐ 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under
MAGISTRATE JUDGE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: KERRY RIN

■ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): ARELIS CLEMENTE

☑ **FORFEITURE ALLEGATION**

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ■ Has not been arrested, pending outcome of this proceeding
If not detained, give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes," show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes," give date filed

Mo. Day Year

**DATE OF ARREST**

Or . . . if Arresting Agency & Warrant were not Federal

Mo. Day Year

**DATE TRANSFERRED TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

ADDITIONAL INFORMATION OR COMMENTS

PLEASE ISSUE ARREST WARRANT

**United States v. Zhaoyan Wang**
**Penalties for First Superseding Indictment**

**COUNT ONE:**

VIOLATION: 18 U.S.C. § 1349 – Conspiracy to commit wire fraud

MAX PENALTY: 20 years in prison
$250,000 fine
3 years of supervised release
$100 special assessment

**COUNTS TWO THROUGH NINE:**

VIOLATION: 18 U.S.C. § 1343 – Wire fraud

MAX PENALTY: 20 years in prison
$250,000 fine
3 years of supervised release
$100 special assessment

**COUNTS TEN AND ELEVEN:**

VIOLATION: 21 U.S.C. §§ 331(a) and 333(a)(2) – Distribution of adulterated and misbranded medical devices

MAX PENALTY: 3 years in prison
$250,000 fine
1 year of supervised release
$100 special assessment

**FORFEITURE ALLEGATION**

As stated in the charging document.