# EXHIBIT

# M

Kevin G. Little (SBN 149818)
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinglittle.com

Anthony P. Capozzi (SBN 68525)
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W Shaw Avenue, Suite 102
Fresno, California 93711
Telephone: (559) 221-0200
Facsimile: (559) 221-7997
E-Mail: anthony@capozzilawoffices.com

Attorneys for Plaintiffs Universal Meditech Inc. and David He

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| UNIVERSAL MEDITECH, INC., a California corporation; DAVID HE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REEDLEY; BUILDING OFFICER JEREMY HARRISON; CODE ENFORCEMENT OFFICER JESALYN HARPER; FIRE CHIEF JEFFREY ISAAK; COUNTY OF FRESNO; ASSISTANT PUBLIC HEALTH DIRECTOR HUMBERTO PRADO; FDA-OCI SPECIAL AGENT JEFFREY MAURICE; FDA-OCI SPECIAL AGENT MARIDEHL MATHER; UNKNOWN GOVERNMENT OFFICIALS,<br><br>Defendants. | Case No.: 1:24-cv-528-JLT-EPG<br><br>COMPLAINT FOR DAMAGES<br><br>*42 U.S.C. § 1983*<br>*Cal. Civ. Code § 52.1*<br>*Bivens Claim* |

TO THE HONORABLE COURT:

Plaintiffs, Universal Meditech, Inc. and David He, through counsel, hereby allege as follows and make the following allegations against the Defendants, City of Reedley, Building Officer Jeremy Harrison, Code Enforcement Officer Jesalyn Harper, Fire Chief Jeffrey Isaak, County of Fresno, Assistant Public Health Director Humberto Prado, FDA-OCI Special Agent Jeffrey Maurice, FDA-OCI Special Agent Maridehl Mather, and Unknown Government Officials.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as it arises under the federal civil rights laws and also include supplemental state law claims.

2. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within this judicial district.

3. Plaintiffs have complied with the California Tort Claims Act, California Government Code §§ 900, *et seq*., to the extent that they allege claims under California law.

## PARTIES

4. Plaintiff Universal Meditech, Inc. (UMI) is a California corporation in good standing, Entity No.3811331. UMI has been in lawful business in the State of California since 2015,operating at authorized locations in Tulare and Fresno County at all relevant times. UMI's ownership is based in the People's Republic of China. UMI is in the lawful business of manufacturing and producing diagnostic testing kits and other biologic medical devices. At all times when it was actively manufacturing and producing said devices, UMI had valid authorization from the federal Food and Drug Administration (FDA). Due to a business dispute with its landlord in the fall of 2022, UMI ceased its lawful operations in the City of Fresno and rented a warehouse in the City of Reedley, located at 850 I Street. UMI began storing its assets at the Reedley warehouse beginning in November 2022, in anticipation of the completion of its new facility -- then under construction in the City of Fresno – becoming available in May 2023. The Reedley warehouse was simply that, a warehouse, and UMI was not in active business during the time that its business assets were being stored there.

5. Plaintiff David He is a Chinese national living in the United States in the State of California. Mr. He was at all times an authorized representative of UMI.

6. Defendant City of Reedley ("Reedley") is a public entity under California law. Reedley operates through its subsidiary agencies and personnel. Reedley is sued herein under California law, under which it is vicariously responsible for the unlawful acts of its employees and agents pursuant to California Government Code § 815.2.

7. Defendant Building Officer Jeremy Harrison ("Officer Harrison") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Harrison was on duty and acting as a Reedley officer and employee. At all material times herein, Officer Harrison acted individually and within the course and

scope of his employment with Reedley. Officer Harrison is sued in his personal capacity for acts he performed under the color of law. As alleged herein, Plaintiffs believe in good faith that Officer Harrison is legally responsible and liable for the injuries and damages alleged herein.

8. Defendant Code Enforcement Officer Jesalyn Harper ("Officer Harper") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Harper was on duty and acting as a Reedley officer and employee. At all material times herein, Officer Harper acted individually and within the course and scope of his employment with Reedley. Officer Harper is sued in his personal capacity for acts she performed under the color of law. As alleged herein, Plaintiffs believe in good faith that Officer Harper is legally responsible and liable for the injuries and damages alleged herein.

9. Defendant Fire Chief Jeffrey Isaak ("Chief Isaak") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Chief Isaak was on duty and acting as a Reedley officer and employee. At all material times herein, Chief Isaak acted individually and within the course and scope of his employment with Reedley. Chief Isaak is sued in his personal capacity for acts he performed under the color of law. As alleged herein, Plaintiffs believe in good faith that Chief Isaak is legally responsible and liable for the injuries and damages alleged herein.

10. Defendant County of Fresno ("Fresno County") is a public entity under California law. Fresno County operates through its subsidiary agencies and personnel. Fresno County is sued herein under California law, under which it is vicariously responsible for the unlawful acts of its employees and agents pursuant to California Government Code § 815.2.

11. Defendant Assistant Public Health Director Humberto Prado ("Asst. Dir. Prado") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Asst. Dir. Prado was on duty and acting as a Fresno County officer and employee. At all material times herein, Asst. Dir. Prado acted individually and within the course and scope of his employment with Fresno County. Asst. Dir. Prado is sued in his personal capacity for acts he performed under the color of law. As alleged herein, Plaintiffs believe in good faith that Asst. Dir. Prado is legally responsible and liable for the injuries and damages alleged herein.

12. Defendant FDA-OCI Special Agent Jeffrey Maurice ("S.A. Maurice") is, upon

information and belief, a citizen and resident of the State of California, County of Alameda. With respect to all of the acts complained of herein, S.A. Maurice was on duty and acting as a federal law enforcement official with the FDA's Office of Criminal Investigations. At all material times herein, S.A. Maurice acted individually and within the course and scope of his employment with the FDA. S.A. Maurice is sued in his personal capacity for acts he performed under the color of law. As alleged herein, Plaintiffs believe in good faith that S.A. Maurice is legally responsible and liable for the injuries and damages alleged herein.

13. Defendant FDA-OCI Special Agent Maridehl Mather ("S.A. Mather") is, upon information and belief, a citizen and resident of the State of California, County of Alameda. With respect to all of the acts complained of herein, S.A. Mather was on duty and acting as a federal law enforcement official with the FDA's Office of Criminal Investigations. At all material times herein, S.A. Mather acted individually and within the course and scope of her employment with the FDA. S.A. Mather is sued in her personal capacity for acts she performed under the color of law. As alleged herein, Plaintiffs believe in good faith that S.A. Mather is legally responsible and liable for the injuries and damages alleged herein.

14. The fictitious defendants are sued as Unknown Government Officials and they are, upon information and belief, citizens and residents of the State of California. With respect to all of the acts complained of herein, these fictitious defendants were on duty and were acting as officers and employees of a California public entity, or a cooperating state or federal law enforcement agency. At all material times herein, these fictitious defendants acted individually and within the court and scope of their employment. These fictitious defendants are sued in their individual capacities for acts they performed under the color of law. As alleged herein, Plaintiffs believe in good faith that these fictitious defendants are legally responsible and liable for the injuries and damages alleged herein. These fictitious defendants will be renamed in their actual names once they become known.

## FACTUAL ALLEGATIONS

15. Shortly after UMI rented its Reedley warehouse, it began to be investigated by some or all of the Defendants. Plaintiffs cooperated fully in the investigation, and by March 2023 it should have been clear that UMI was not in active business and was only storing its assets at the warehouse it was leasing. To the extent that there was any activity at the warehouse, it was only to monitor and maintain its valuable assets, which included biological materials and laboratory mice, as well as

medical devices and medical device components. At all times, UMI had its assets safely and securely stored, and there was never any indication of any threat to public health and safety. It should have further been clear that the federal Animal Welfare Act, 7 U.S.C. § 2145, *et seq.*, exempted UMI's possession and maintenance of laboratory mice, and preempted any conflicting state laws. UMI and Mr. He also made it clear that to the extent that there were any zoning or permitting issues related to the storage of the valuable assets at the Reedley warehouse, UMI would cure those issues by either further securing the warehouse, obtaining the needed authorizations, or relocating to another authorized location. UMI personnel and Mr. He were at all times open and cooperative with any and all government officials involved in the investigation.

16. Notwithstanding these clear and ascertainable facts, Officer Harrison wrote and submitted an affidavit under penalty of perjury on March 10, 2023 indicating that UMI was operating an illegal laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on March 13, 2023.

17. Further notwithstanding these clear and ascertainable facts, Officer Harper wrote and submitted an affidavit under penalty of perjury on March 29, 2023 indicating that UMI was operating an illegal laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on April 4, 2023.

18. Further notwithstanding these clear and ascertainable facts, Asst. Dir. Prado wrote and submitted an affidavit under penalty of perjury on June 15, 2023 indicating that UMI was operating an illegal laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on June 23, 2023.

19. Further notwithstanding these clear and ascertainable facts, Officer Harper and Chief Isaak wrote and submitted affidavits under penalty of perjury on July 18, 2023 indicating that UMI was operating an illegal laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on July 26, 2023.

20. Further notwithstanding these clear and ascertainable facts, Asst. Dir. Prado wrote and submitted an affidavit under penalty of perjury on June 15, 2023 indicating that UMI was operating an illegal laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on June 23, 2023.

Case 1:24-cv-00528-JLT-EPG Document 1 Filed 05/06/24 Page 6 of 9

21. Further notwithstanding these clear and ascertainable facts, S.A. Maurice wrote and submitted an affidavit under penalty of perjury on September 11, 2023 indicating that UMI was operating a laboratory, not merely storing its assets, and that it was engaging in hazardous and unlawful activities. This and other false representations resulted in the issuance of a warrant on September 13, 2023.

22. In connection with the execution of these various warrants, UMI was deprived of millions of dollars of property without lawful justification, as a result of the seizure and destruction of its assets, including extremely valuable, genetically engineered laboratory mice not subject to duplication. Further, based on the false narrative that UMI was storing contagions that endangered the community, its biological assets were destroyed and seized, as well as its medical device inventory and business records. Explicit and repeated representations from UMI representatives regarding the lawful nature and valuable nature of its assets were ignored, and they were seized and, in many instances, destroyed without justification.

23. The Defendants also filed their false and misleading affidavits as public records, which resulted in a wave of extremely negative publicity, fueled by a combination of xenophobia, discrimination, ignorance, and the motivations of public officials seeking to capitalize on those sentiments. UMI was characterized as operating an "illegal Chinese lab" and of engaging in bioterrorism, although neither accusation had even a scintilla of factual support. These accusations have done irreparable damage to UMI's business interests and turned a multimillion dollar operation into a worthless pariah. UMI's new facility also had to be abandoned as a result of the negative publicity.

24. Despite being unjustifiably dragged through the mud as a result of the Defendants' misconduct, UMI and Mr. He continued to try to cooperate with investigators, in an effort to salvage their business and at least some of their assets. Under the direction of FDA officials, Reedley officials arranged a pretext meeting with Mr. He on October 19, 2023, so that he could be arrested based on baseless federal criminal charges. In connection with that arrest, S.A. Maurice and S.A. Mather used unreasonable and excessive force on Mr. He, which resulted in his sustaining a severe head injury that continues to cause him serious health issues and pain.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Unlawful Seizure and Destruction of Property, in Violation of the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983)

(By Plaintiff UMI Against Defendants Officer Harrison, Officer Harper, Fire Chief Isaak, Asst. Dir. Prado and Unknown Government Officials)

25. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

26. The named Defendants' misconduct resulted in the unlawful seizure and destruction of UMI's valuable business assets, as alleged hereinabove. As a result of this misconduct, UMI was denied its right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. UMI also was deprived of its business property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate result of the named Defendants' violation of UMI's constitutional rights, UMI has suffered substantial damages, as described hereinabove.

28. The named Defendants' misconduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for UMI's rights, thus entitling it to an award of punitive damages.

### SECOND CAUSE OF ACTION

(Unlawful Seizure and Destruction of Property, in Violation of article I, sections 3 and 13 of the California Constitution and Cal. Civil Code § 52.1)

(By Plaintiff UMI Against Defendants Reedley, Officer Harrison, Officer Harper, Fire Chief Isaak, Fresno County, Asst. Dir. Prado and Unknown Government Officials)

29. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

30. The named individual Defendants' misconduct resulted in the unlawful seizure and destruction of UMI's valuable business assets, as alleged hereinabove. As a result of this misconduct, UMI was denied its right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the California Constitution. UMI also was deprived of its business

Case 1:23-cr-00219-DAD-EPG Document 90-13 Filed 12/05/24 Page 9 of 10

property without due process of law, as also guaranteed under the California Constitution. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

31. As a direct and proximate result of the named individual Defendants' violation of UMI's constitutional rights, UMI has suffered substantial damages, as described hereinabove.

32. The named individual Defendants' misconduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for UMI's rights, thus entitling it to an award of punitive damages.

33. Reedley and Fresno County are vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its officials within the course and scope of their official duties.

**THIRD CAUSE OF ACTION**

(Bivens Action, 28 U.S.C. § 2679(b)(2)(A))

(By UMI and Mr. He Against S.A. Maurice and S.A. Mather)

34. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

35. The federal defendant officers' intentional and reckless acts, as described above, constitute a deprivation of UMI's and Mr. He's rights, privileges, and immunities under the United States Constitution, specifically (a), as to Mr. He against both S.A. Maurice and S.A. Mather, his rights under the Fourth Amendment to be free from unreasonable, and excessive force, and (b), as to UMI against S.A. Maurice only, its rights Fourth and Fifth Amendments to be free from unreasonable searches, seizures and deprivations of its property.

36. As a direct and proximate result of the federal defendant officers' violation of their constitutional rights, UMI and Mr. He have suffered substantial damages, as described hereinabove.

37. The federal defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for UMI's and Mr. He's rights, thus entitling them to an award of punitive damages.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For general and special damages against each defendant in an amount proven at trial, as to all causes of action;

Case 1:24-cv-00528-JLT-EPG Document 1 Filed 05/06/24 Page 9 of 9

2. For punitive damages against each individual defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For prejudgment interest as to all causes of action;

4. For costs and attorney's fees as authorized by 42 U.S.C. § 1988, Civil Code § 52 and other applicable law;

5. For other such relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial to the greatest extent available under the Seventh Amendment and other federal and state law.

Date: May 4, 2024

LAW OFFICE OF KEVIN G. LITTLE

*/s/ Kevin G. Little*
Kevin G. Little

LAW OFFICES OF ANTHONY P. CAPOZZI

*/s/ Anthony P. Capozzi*
Anthony P. Capozzi

Attorneys for Plaintiffs
Universal Meditech Inc. and David He