ANTHONY P. CAPOZZI, CSBN: 068525
THE LAW OFFICE OF ANTHONY P. CAPOZZI
1233 West Shaw Avenue, Suite 102
Fresno, California 93711
Telephone:   (559) 221-0200
Facsimile:   (559) 221-7997
E-Mail:      Anthony@ capozzilawoffices.com
www.capozzilawoffices.com

Attorney for Defendant,
 DAVID HE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\*\*\*\*\*\*

| UNITED STATES OF AMERICA. | ) CASE NO.:  1:23-CR-00219-NODJ-BAM |
|---|---|
| Plaintiff, | ) **REPLY TO GOVERNEMENT** |
| | ) **OPPOSITION FOR REVIEW** |
| v. | ) **OF ORDER.** |
| DAVID HE, | ) |
| Defendant. | ) |

Defendant, David He, by and through his attorney, Anthony P. Capozzi hereby reply to the Government's Opposition to the Motion for Review of the Detention Order.

Mr. He was Indicted on November 16, 2023, for violations of 21 U.S.C. § 331(a) and 333 (a)(2) Distribution of Adulterated and Misbranded Medical Devices (two counts) and for a violation of 18 U.S.C. § 1001 (a)(2), False Statements (1 Count) (**Exhibit A**, Opening Brief)

Under the First Indictment the guideline ranges were minimal pursuant to 2N2.1.

| Statutes | Guidelines | Offense Level |
|---|---|---|
| 18 U.S.C. § 331 (a) | 2N2.1 | 6 |
| 18 U.S.C. § 233 (a) 2 | 2B1.1 | 6 + Loss |
| 18 U.S.C. § 1000 (a)(2) | 2B1.1 | 6 |

In the First Indictment, the Government alleged the loss was $ 203,600 dollars which under 2B1.1(F) would add ten levels with a guideline range of sixteen. If Mr. He plead guilty to the first indictment, he would have a three-point reduction pursuant to 3E1.1 (a) and (b) and an additional two-point reduction under the First Step Act-

|  | OL | 16 |  |
|---|---|---|---|
|  |  | -3 | 3E1.1(a) and (b) |
|  |  | <u>-2</u> | First Step Act |
| Criminal History Category I- |  | 11 | 8-14 months |

On July 17, 2024, this Court heard the defendant's Motion to Review the Detention Order (**Exhibit K**, Defendant's Opening Brief, RT. 18: 6-25, and 19: 1-12) where this Court stated the following:

> "Now, anyway, I'm just giving you guidelines. I'll hear this again and I'm not saying that I can conceive of no possible conditions. I mean, yeah, it would have to entail electronic monitoring. It would have to include a significant bond.
>
> I t would have to include third-party custodians who have a close enough relationship to the Defendant who sign declarations saying I understand what my obligations as a third-party custodian would be, I will check on the Defendant on a daily basis. We have a close enough relationship already that I do that anyway, and I understand that if I become aware of the Defendant violating any condition of his pretrial release, I must immediately notify Pretrial Services. I would want that buttoned up.
>
> All of those things are relevant to me. Right now, this is a hodgepodge. I can't really tell what I've got in front of me. Of course, the other—I mean, I would hear it again. I at least have some knowledge now. The problem is I'm about to start a trial in Sacramento, and I doubt I'm going to be here for a while. I don't know whether a Motion for Bail Review is something that we can be allowed to do remotely.
>
> I think we might be able to under the Federal Rules of Criminal Procedure. If so, I would certainly conduct a further hearing if the Defense said, okay, Judge, we heard

you at the heaving, here's our proposal and here's full support for it. But because I'm not satisfied with respect to al of those things as of yet, I am going to deny the Motion for Bail or Appeal of the Detention Order, Review of the Detention Order, but it is denied without prejudice to renewal if you think you can address some of the concerns I have."

On August 15, 2024, twenty-nine days after this hearing the Government filed the First Superseding Indictment against Mr. He, adding Zhaoyan Wang, as a defendant charging Conspiracy to Commit Wire Fraud along with the original charges and adding a forfeiture allegation. (**Exhibit L**, Opening Brief)

Additionally, the government alleged on page 5 of the Conspiracy Count, that the defendant's received $1,700,000 in payments as a result of the wire fraud yet in Counts Two through Nine only a total amount of $564,000 that had been alleged to have been transferred to the defendant. Under the new indictment, it appears the loss is $564,000, under 2B1.1:

| | | | |
|---|---|---|---|
| Base Offense Level 2B1.1(H) | 7 | | |
| $540,000 Loss | <u>14</u> | | |
| Any Enhancements Questionable | 21 | | |
| | -3 | 3b1.1 (a) & (h) | |
| | <u>-2</u> | First Step Act | |
| Criminal History Category I | -16 | (21-27 months) | |

**Mr. He has already served fifteen months in custody!**

It is readily apparent that the new indictment is an attempt by the government to thwart Mr. He from being released.

The government has not added anything new to its opposition memorandum other than a new indictment which the defense believes is a result of the Court's comments at the last hearing!

## CONCLUSION

Mr. He does not have any reason to leave the country having served fifteen months in custody and with a multi-million dollar lawsuit pending, having retained two attorneys on the civil suit and this attorney on the present charges, it is readily apparent Mr. He is committed to a well-prepared defense in this case and a well-prepared presentation on his civil rights matter.

Along with two third-party custodians, an ankle bracelet, GPS monitoring, substantial property posted, daily contact with pre-trial services and daily contact with his attorneys on both of these cases there are a combination of conditions that which would insure Mr. He's presence at trial.

Dated: January 6, 2025,                    By: /s/ Anthony P. Capozzi
                                           ANTHONY P. CAPOZZI, Attorney for
                                           DAVID HE