ANTHONY P. CAPOZZI, SBN: 068525
THE LAW OFFICE OF ANTHONY P. CAPOZZI
1233 WEST SHAW AVENUE, SUITE 102
FRESNO, CALIFORNIA 93711
Telephone: (559) 221-0200
Facsimile: (559) 221-7997
E-Mail: anthony@capozzilawoffices.com
www.capozzilawoffices.com

Attorney for Defendant,
DAVID HE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

******

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HE,<br><br>Defendant. | CASE NO.: 1:23-CR-00219-DAD-EPG<br><br>**IN LIMINE MOTION<br>TO<br>EXCLUDE<br>404(b) EVIDENCE** |

Defendant, DAVID HE, by and through his attorney of record, Anthony P. Capozzi, objects to the introduction of evidence related to the following incidents:

1) Early 2000's, Customs and Border Protection (CBP) Officers, photographed, fingerprinted, and found embryos on the defendant that were confiscated by CBP due to not having appropriate regulatory approval to bring them into the United States.

2) Defendant was a principal at the company IND, with operations in the United States and Canada from at least early 2000's until approximately 2015, and that IND was a predecessor to Universal Meditech Incorporated (UMI).

3) Evidence collected by Federal Search Warrant executed at the Reedley, California facility in September 2023, showing that the defendant was involved with IND from early 2000's until approximately 2015 and that IND was a predecessor to UMI.

4) Evidence that IND falsely labeled medical devices as being "Made in Canada" when

they were actually "Made in China", maintained a double set of books that showed products were imported from somewhere different than the place that was declared on the customs record for the products, sold and distributed medical devices that were not licensed as required, provided falsified documents to the FDA, and provided falsified test data to the FDA for a 510(k) pre-market submission for pregnancy tests kits that it wanted to sell, among other misconduct.

5) Evidence that the defendant founded and operated UMI from 2015.

6) Evidence that UMI provided falsified test data to the FDA beginning in mid 2020 within applications for Emergency Use Authorization (EUA) for Covid-19 test kits.

7) Evidence that the defendant made false statements about his identity and time in the United States in applications for Asylum and Work Authorization that he submitted to the United States Citizen and Immigration Services in 2021 and 2023.

**Federal Rule 404(b) of Criminal Procedure states:**

**(b) Other Crimes, Wrongs, or Acts.**

**(1) *Prohibited Uses*.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) *Permitted Uses*.** The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In *United States v. Spillone, 879 F.2d. 514, 518 (9th Cir. 1989)*, the court used a four-part test to determine whether evidence is admissible under Rule 404(b), (citations omitted). The Government has the burden of proving that the evidence satisfies this test (citations omitted).

First:

There must be sufficient evidence to support the jury's finding that the defendant committed the crime or acts.

Second:

The other crime must not be too remote.

Third:

Similarity of the offenses.

Fourth:

Prior act must be introduced to prove a material element of the case.

As to the first four requests of the Government as to the early 2000's and falsely labeled documents in Canada would require separate hearings to determine if the alleged facts and under what factual circumstances actually occurred in (1) bringing embryos into the United States, (2) whether the defendant was a principal at IND and what that entailed, (3) whether the defendant was involved in intentionally falsifying labeling documents and in fact whether the documents were intentionally falsely labeled.

The evidence alleged by the Government apparently occurred in the early 2000's up to possibly 2015. The defense contends that this evidence is too remote to be of any relevance in this conspiracy case which is alleged to have occurred between August 2020 and March 2023.

In *United States v. Estrada, 453 F.3d. 1208, 1213 (9th Cir. 2006),* the court upheld the admission of a prior drug conviction of a defendant ten years prior, stating that courts have allowed Rule 404(b) evidence to be admitted where ten years or longer period of times have passed (citations omitted).

The 404(b) evidence the Government intends to introduce began in the early 2000's, well over ten years prior to the alleged beginning of the conspiracy in this case and would not be relevant to a conspiracy in 2020 to 2023.

In *United States v. Mayans, 17 F.3d. 1174, (9th Cir. 1994),* the Government notified the defense that it would introduce a prior similar drug act committed by the defendant within a year and a half of the sale alleged in the indictment.

In analyzing the four-point test previously set out herein, the court stated: at 1180-1181

> "Extrinsic acts evidence is not looked upon with favor…stating that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

The *Mayans* court admitted the one and a half year prior but stated: at 1181

> "When the Government's theory is one of knowledge – as here – this court has emphasized that the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act. *United States v. Hernandez-Miranda, 601 F.2d. 1104 (9th Cir. 1979).* Thus, in *Hernandez-Miranda,* the court held that it was improper, where defendant was charged with smuggling drugs in a car, to admit evidence that on a previous occasion defendant had smuggled drugs in a backpack, since there was no "logical thread" connecting the prior act with the knowledge at issue in the act charged. *Id. at 1108.*"

The evidence attempted to be presented by the Government from the early 2000's does not have a logical connection or thread to the conspiracy that took place from 2020 to 2023.

In *United States v. Hill, 953 F.2d. 452, (9th Cir. 1999)* the DEA was not aware of a

defendant's involvement in an undercover sale of cocaine until the day of the sale. The defendant did not have any prior convictions but was present during the sale having loaned money to the person facilitating the sale.

The Government offered 404(b) testimony that the defendant's girlfriend, the facilitator, had used cocaine with the defendant five years ago when they had dated. The defense objected and the Government argued that the evidence had to do with the defendant's knowledge and association with the drug world. When the defense moved for a mistrial, the Government changed its theory and argued that it was not 404(b) evidence but "direct evidence concerning the circumstances which led up to the transaction involved" (*at 455*).

The district court agreed and allowed the introduction of the evidence (*at 455*).

On appeal, the Government argued, alternatively that the evidence was permitted under Rule 404(b) to show intent, motive, plan, and association. The defense argued that the introduction of the evidence was both improper and prejudicial.

The appellate court held that it was error to admit the girlfriend's testimony of prior drug use under either theory. The court held that the defendant's personal drug use five years prior, with his girlfriend, was not direct evidence concerning the circumstances which led up to the transaction involved (*at 455*), nor was inextricably intertwined with the evidence of the conspiracy. The court ultimately held that the use of cocaine five years prior is not "inextricably intertwined" with "and part of the same transaction" as the conduct alleged in the indictment (*at 457*).

The same analysis should apply in the instant case (i.e., evidence from the early 2000's is not evidence inextricably intertwined to the alleged conspiracy).

Further, pursuant to Federal Rule 403, this evidence should be excluded since its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly preventing cumulative evidence.

## **Evidence that the defendant found and operated UMI in 2015, provided false test data to FDA, and made false statements about his identity and time in the United States should be excluded as 404(b) Evidence**

The evidence the Government intends to introduce would require additional hearings with evidence presented to the jury as to whether the defendant founded and operated UMI, made false statements to the FDA and in the asylum application.

This evidence is highly prejudicial, confusing, and unweighs any probative value as to the defendant's involvement with UMI from 2020 to 2023.

The Superseding Indictment does not charge the defendant with finding and operating UMI since 2015, nor with providing falsified tests to the FDA in mid 2020 for applications of Emergency Use Authorization for Covid-19 test kits, nor is the defendant charged with false statements in an asylum application.

This evidence is not "inextricably intertwined" with the allegations in this conspiracy nor is related to proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Accordingly, any evidence attempted to be submitted under these seven categories should be denied.

Respectfully submitted,

DATED: April 6, 2026

/s/ Anthony P. Capozzi                    .
ANTHONY P. CAPOZZI, Attorney for
DAVID HE