ANTHONY P. CAPOZZI, SBN: 68525
LAW OFFICE OF ANTHONY P. CAPOZZI
1233 West Shaw Avenue, Suite 102
Fresno, California 93711
Telephone: (559) 221-0200
Facsimile: (559) 221-7997
E-Mail: anthony@capozzilawoffices.com
www.capozzilawoffices.com

Attorney for Defendant,
DAVID HE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JIA BEI ZHU, aka Jesse Zhu, Qiang He, and David He<br>Defendant. | CASE NO.: 1:23-CR-00219-DAD-EPG<br><br>**FORMAL OBJECTIONS**<br><br>Sentencing Date: October 26, 2026<br>Time: 9:30 a.m.<br>Honorable Dale A. Drozd |

Defendant, DAVID HE, by and through his attorney of record, hereby submits his objections to the Final Presentence Investigation Report.

1) Page 8, Paragraph 31

Defendant denies there are ten victims related to the charges in the indictment.

2) Page 8, Paragraph 31

Defendant denies restitution in the amount of $2,753,733.50.

An evidentiary hearing is requested.

3) Page 10, Paragraph 43

The defendant denies the 18-level increase in the offense level for $3,825,882.00 being charged.

The evidence at jury trial indicated the following amounts paid to Universal

Meditech Inc., (UMI):

| | |
|---|---|
| COVIDSCAN | $12,000.00 |
| CORMEUM/SENSIVA | $375,000.00 |
| SUNSHINE EASY | $36,000.00 |
| GOMD | $30,000.00 |
| JOANNA COSMETICS | $36,270.00 |
| TOTAL: | $489,270.00 |

Vapetro was not a customer of UMI but rather of Joanna Cosmetics. However, deposited the following amounts into UMI's account:

$49,000.00
$24,500.00
$24,500.00
$43,000.00

= $141,000.00 + Total Paid to UMI = $630,270.00

Guideline section 2B1.1(b)(1)(G), + 12 or 2B1.1(b)(1)(H), +14.

4) Page 10, Paragraph 44

Defendant denies that there are ten victims based upon the evidence during the jury trial.

Application Note 1 defines a "victim" as:

(A) Any person who sustained any part of the actual loss determined under section (b)(1) as a result of the offense.

In *United States v. Galliano,* 977 F.2d 1350, 1354 (9th Cir. 1992), the Court held in pertinent part:

"Conduct relevant in determining the applicable guideline range includes all harm that resulted from the acts or omissions for

which the defendant is accountable."

In this case, the defendant, David He, and UMI was accountable to the customers of UMI, whose COVID-19 test kits were sold but not to the customers who purchased kits from others.

The defendant only had contact with the customers UMI dealt with.

The defendant, nor UMI, knew what was promised to others and what agreements existed to those not involving UMI and the defendant.

The evidence during the trial was undisputed that Umi dealt directly with Joanna Cosmetics, Sunshine Easy, Cormeum/Sensiva, Covidscan, and GOMD.

Accordingly, the 2-point enhancement should not apply pursuant to 2B1.1(b)(2)(i).

5) Page 10, Paragraph 49

Defense objects to the adjustment for obstruction. The defendant's name was changed in China well before any charges in this case.

Further court documents establish that his name in the United States was changed from Qiang He to David He, **(EXHIBIT A) – Decree of Name Change**.

6) Page 13, Paragraph 75

Medical Records have been attached to the Final Presentence Report.

Respectfully submitted,

DATED: October 13, 2026

*/s/ Anthony P. Capozzi.*

ANTHONY P. CAPOZZI, Attorney for DAVID HE